SHIVERS, Judge.
This appeal is from the Department of Environmental Regulation’s issuance of a construction permit revising a condition of certification adopted and incorporated in the Siting Board’s final order. We reverse.
In 1989 Teco Power Services Corporation (TPS) filed an application for certification of a power plant site in Hardee County. A land use hearing was held in the area and a recommended order was issued which recommended approval. On August 14, 1990, the Governor and Cabinet sitting as the Siting Board approved the recommended order.
A certification hearing was held pursuant to section 403.508(3), Florida Statutes (Supp.1990). One of the parties to that proceeding was the Department of Environmental Regulation (DER). A recommended order was issued on October 15, 1990, which contained detailed findings of fact with respect to procedural matters, the physical construction and operation of the power plant, and the environmental and social impacts of the project.
The hearing officer recommended certification of the project subject to certain conditions of certification, which were contained in an appendix to the recommended order. Based on a stipulation by the parties, one of the conditions of certification was a ‘best available control technology’ (BACT) limitation for nitrogen oxide air emissions. This condition required annual reports, and should the reports demonstrate a cumulative lifetime average capacity exceeding sixty percent for the power plant, the permittee must install nitrogen oxide control technology. The matter was then submitted to the Siting Board. On November 27, 1990, the Board entered a final order adopting the recommended order in tote. The final order states, “The Siting Board finds that the proposed Har-dee Power Station should be certified subject to the conditions of certification included in the Recommended Order and attached hereto.”
On December 5, 1990, the order and related materials were submitted to the United States Environmental Protection Agency (EPA) for review. On December 21 EPA responded, “The issues raised in this letter are sufficient to preclude the issuance of a construction permit to [TPS]. In order to prevent additional action by EPA, we strongly advise that you not issue this construction permit until the following issues are resolved.” (emphasis in original). One of the issues to be resolved was that the sixty percent lifetime average capacity criteria was “not acceptable.” Based on other previously issued permits in Key West and the Carolinas, EPA recommended a twenty five percent capacity factor. EPA’s recommendation was dupli-cative of a recommendation it sent to DER on August 20, 1989. Based on EPA’s recommendation, DER originally sought a twenty five percent capacity limitation. However, DER later stipulated to a sixty percent capacity limitation at the hearing without objection.
EPA’s recommendation — if followed— would greatly increase the likelihood that *1088 TPS would have to install nitrogen oxide control technology, which costs substantial sums to install and operate. TPS wished to be treated as a ‘peaking unit’, which would practically exempt it from having to install the control technology. The Board’s final order treated TPS’s project as a peaking unit by virtue of its sixty percent lifetime average capacity criteria.
DER issued a construction permit which revised the BACT requirements in conformity with EPA’s recommendation. The permit requires quarterly reports and directed the installation of BACT for nitrogen oxide should the plant’s capacity factor exceed twenty five percent. The permit constituted final agency action according to subsection 403.509(5), Florida Statutes (Supp. 1990). DER was authorized to issue the permit under the federal Prevention of Significant Deterioration program.
TPS petitioned this court for a writ of mandamus to compel DER to issue a permit consistent with the conditions of certification approved in the Siting Board’s final order. This court ruled the petition should be treated as a notice of appeal, and the parties filed briefs.
TPS argues there is little need for certification proceedings if DER — a party to the proceedings — can unilaterally modify the conditions of certification after the Siting Board’s action on the application. DER answers that if it had not modified the BACT conditions, TPS would possess a federally unenforceable construction permit. TPS replies it should be of no concern to DER that EPA may seek injunctive relief against TPS, which welcomes the opportunity to contest EPA’s authority to pursue a civil enforcement action if DER issues a permit without modification of the BACT conditions.
This is a case of first impression in Florida. DER concedes that if its modification of the BACT conditions violates subsection 403.509(3), Florida Statutes (Supp.1990), reversal is required. The subsection states in part, “Simultaneously with the board’s action on the application, the department shall issue or deny any license required pursuant to any federally delegated or approved permit program. The department’s decision to issue or deny the license shall be based upon the record and recommended order of the certification hearing.’.’
Section 403.516, Florida Statutes (Supp. 1990), lists the four ways certification may be modified. Subsection 403.503(17), Florida Statutes (Supp.1990), states, “ ‘Modification’ means any change in the certification order after issuance, including a change in the conditions of certification.”
We hold that subsection 403.-509(3) does not confer upon DER the discretion to unilaterally change the conditions of certification after the board’s action on the application. DER cannot modify the conditions of certification without complying with section 403.516.
We therefore reverse and remand this case to DER with directions to issue a permit which conforms to the conditions of certification attached to the final order and included in the recommended order. This case is reversed without prejudice to DER’s right to pursue modification pursuant to section 403.516.
REVERSED and REMANDED.
WIGGINTON, J., concurs.
ERVIN, J., concurs in result.